# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Jarvis G. LADRIDO
### Fireman Apprentice (E-2), U.S. Coast Guard

### CGCMS 24913
### Docket No. 1401

### 20 January 2016

Special Court-Martial convened by Commander, Sector Guam. Tried at Santa Rita, Guam, on 3-8 April 2014.

| | |
|---|---|
| Military Judge: | CDR Anita M. Scott, USCG |
| Trial Counsel: | LT Kelly A. Vandenberg, USCG |
| Assistant Trial Counsel: | LCDR Robert M. Pirone, USCG |
| Military Defense Counsel: | LT Brian F. Roach, JAGC, USN |
| Assistant Defense Counsel: | LT Terrence M. Thornburgh, USCGR |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |

### BEFORE
### McCLELLAND, CLEMENS & KOVAC
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial composed of officer and enlisted members. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ); three specifications of false official statements, in violation of Article 107, UCMJ; one specification of wrongful use of methamphetamine, in violation of Article 112a, UCMJ; and one specification of larceny, in violation of Article 121, UCMJ. The court sentenced Appellant to confinement for three months, reduction to E-1, a fine of $500, and a bad-conduct discharge. The Convening Authority approved the sentence. The pretrial agreement did not affect the sentence.

Before this court, Appellant has assigned the following errors:

I. There was unreasonable delay in bringing Appellant to trial.

II. There was an unreasonable multiplication of charges.

With a minor exception, we find no error and affirm.

## Speedy trial

After Appellant had been charged and preparations for trial were underway, he was arrested by civilian authorities, who placed him in confinement on the evening of 7 January 2014. (R. at 50, 127-28.) On 25 March, he pleaded guilty in civilian court to charges unrelated to those before the court martial, and was sentenced to ninety days in jail, with credit for time served, so that his civilian confinement would end on 7 April. (R. at 58-60.) When his court-martial began on 2 April 2014, he was still under confinement and was accompanied to the court-martial by civilian Department of Corrections personnel. (R. at 28.) He was released from the civilian jail on 7 April, during his court-martial. (R. at 446.)

Appellant argues that Article 10, UCMJ, governing speedy trial for an accused who has been placed in pretrial confinement, applies because he was held in civilian confinement at the behest of the Coast Guard. There is no argument that the more general speedy trial requirement of Rule for Courts-Martial (R.C.M.) 707, Manual for Courts-Martial, United States (2012 ed.), was not met, and it appears to us that it was met.

This issue was raised by motion to dismiss at trial. (Appellate Ex. X; R. at 37.) After receiving evidence and hearing argument, the military judge discussed the motion at some length, and denied it. (R. at 98-103.) In particular, the military judge stated, "I see no evidence that Guam acted on behalf of the United States Coast Guard at any time throughout the process." (R. at 101.) We agree with the military judge, and we reject the wholly unfounded speculations that the local authorities were amenable to complying with Coast Guard desires, that they would not have detained him as long as they did if the Coast Guard had not encouraged them to do so, or that they would have released him if the Coast Guard had sought his release. The issue is rejected.

**Unreasonable multiplication of charges**

Appellant was charged with larceny of certain M16 parts, and with use of methamphetamine. He was also charged with making a false official statement concerning the missing M16 parts (Charge II Specification 1) and with making another false official statement about his use of methamphetamine (Charge II Specification 4), both statements during the same interview with Coast Guard Investigative Service agents. He pleaded guilty to these, among other things.

Appellant argues, as he did at trial, that because both statements were made during the same interview, the separate specifications constitute unreasonable multiplication of charges. We disagree. Because the two statements were on different and unrelated subjects, they were distinct criminal acts, the two specifications do not misrepresent his criminality, and they did not unfairly increase his punitive exposure, especially at special court-martial. This issue is rejected.

**Unauthorized absence**

Appellant was convicted, upon his plea of guilty, of unauthorized absence from 7 January 2014 to 2 April 2014, based on being in a civilian jail between those dates for offenses of which he was duly convicted. However, the providence inquiry makes clear that he was present for duty on 7 January 2014 for the full workday. (R. at 127-28.) Only after liberty was granted was he arrested and confined. (*Id.*) Accordingly, his unauthorized absence did not commence until the next day. We are certain that this error made no difference to the sentence.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the specification of Charge I, under Article 86, UCMJ, is amended so as to replace the inception date of 7 January 2014 with an inception date of 8 January 2014. We approve a finding of guilty of the amended specification. Otherwise, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,


Shelia R. O'Reilly
Clerk of the Court